[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-2734

UNITED STATES,

Plaintiff, Appellee,

v.

TWENTY ONE ITEMS VALUED AT $24,663.12;
TAG NO. BFX 264; TAG NO. BDS 136,

Defendants,

—————————————

ALFONSO CARDONA-ARREDONDO,

Claimant, Appellant.

———

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

———

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

———

Alfonso Cardona Arredondo on brief pro se.
    Guillermo Gil, United States Attorney, and Jose Javier Santos
Mimoso, Assistant United States Attorney, on brief for appellee.

———

November 7, 2002

———

     **Per Curiam**.  As the government argues, claimant's attempt to recover interest on funds and property which the government had seized when claimant was arrested but which were ultimately returned to him is barred by the doctrine of sovereign immunity as explained in a decision issued during the pendency of this appeal.  Larson v. United States, 274 F.3d 643 (1st Cir. 2001); see also 28 U.S.C. § 2465.   The version of the statute in effect when this proceeding was commenced did not permit an award of any interest.  Id. at 647.  Although a new version of the statute now provides for the recovery of interest, the new version applies prospectively only.  Id.

     Claimant's argument that we previously mandated an award of interest to him when we remanded the matter to the district court is based on a misapprehension of the remand order (which permitted the district court to explore anew the question of interest) and a misunderstanding of the doctrine of sovereign immunity.  Since sovereign immunity deprives the federal court of jurisdiction, it may be raised at any time during the proceedings regardless of prior orders in the case and regardless of a party's failure to object on that ground.  Id. at 648.

     Claimant's arguments regarding his motion for the return of an automobile which was not registered in his name, and his attempt to obtain sanctions against the government are frivolous.

     The judgment is affirmed for the reasons stated above.